IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALI ABDALLA HAMZA, et al. <br><br> Plaintiffs, <br><br> v. <br><br> KHALIFA HIFTER, <br><br> Defendant. | Case No: 1:20-cv-01038 (LMB/JFA) |

MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE DEFAULT

Defendant Khalifa Hifter ("Mr. Hifter") files this memorandum in support of his motion to set aside default in this matter pursuant to Rule 55(c) and for good cause as further outlined below. As a preliminary matter, Mr. Hifter does not consent to personal jurisdiction.

FACTS

Mr. Hifter resides overseas in Libya. There is an ongoing civil war in Libya in which one of the factions, the Libyan National Army ("LNA"), is commanded by Mr. Hifter. Due to his role as commander for the LNA, Mr. Hifter is extremely preoccupied by wartime matters.

The operative complaint in this matter was filed on September 17, 2020. Dkt. 8. According to the docket, an answer was due December 22, 2020. Dkts. 9 and 10. Mr. Hifter did not immediately learn of the Complaint and indeed did not receive the summons as it was allegedly posted to a front door of two Virginia residences. Dkts. 9 and 10. Notably, Mr. Hifter has not resided in Virginia since 2011. Counsel for

1

Plaintiffs also declares that he sent the summons to Mr. Hifter's (previous) counsel. Dkt. 11-1. As the Court is aware, however, there was a breakdown of communication between Mr. Hifter and his previous counsel. *Elzagally, et al. v. Hifter*, 1:19-cv-00853, Dkt. 47 at 2.[1] This resulted in Mr. Hifter's counsel moving to withdraw as his counsel. *Id.*[2] The Court granted these motions on January 12, 2021. *Id.*, Dkt. 48 and *al-Suyid, et al. v. Hifter, et al.*, 1:20-cv-00170, Dkt. 56. Plaintiffs requested an entry of default on December 31, 2020. Dkt. 11. It was entered by the Clerk of the Court on January 4, 2021. Dkt. 12. Mr. Hifter only recently learned of the default entered against him. Thereafter, he quickly began his search for new counsel to represent him in this matter as well as the other two matters in this Court.

Undersigned counsel, who was engaged February 5, 2021, is now investigating the facts and allegations of the complaint as well as the substantive defenses, and requests until February 26, 2021, to file a responsive pleading. The same day Mr. Hifter's counsel was retained (February 5, 2021), they met and conferred with Plaintiffs' counsel regarding consenting to the relief requested by this motion. On February 8, 2021, counsel for Plaintiffs notified undersigned counsel that Plaintiffs did not consent. This motion swiftly followed.

---

[1] There are two other cases before this Court involving Mr. Hifter with claims similar to the ones in the present action. *Elzagally, et al. v. Hifter*, 1:19-cv-00853 and *al-Suyid, et al. v. Hifter, et al.*, 1:20-cv-00170.

[2] Previous counsel submitted a similar motion in the other matter as well. *al-Suyid, et al. v. Hifter, et al.*, 1:20-cv-00170, Dkt. 55.

## ARGUMENT

Rule 55(c) permits the court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine whether to set aside default, the Fourth Circuit has advised, "a district court should consider whether the moving party has a meritorious defense, whether [he] acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citing *Payne ex rel. Estate of Calzada v. Brake*, 429 F.3d 198, 204-05 (4th Cir. 2006)). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Id.* at 417. Therefore, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

**Mr. Hifter has many meritorious defenses in this matter.** Putting aside whether there is personal jurisdiction over him in this Court as well as his immunity claims and political question issues, Mr. Hifter did not direct any of the alleged actions in the operative complaint nor knew or should have known the alleged actions would occur. Substantively, the operative complaint fails to allege facts that support causes of action under the Torture Victim Protection Act ("TVPA") or under the Alien Torture Statute ("ATS"). As such, he should be allowed to defend himself against such claims should the case proceed on the merits.

**Mr. Hifter acted with reasonable promptness.** Mr. Hifter resides overseas and is the commander of an army that is currently in civil war. He did not immediately learn of the operative complaint in this matter nor the deadline to respond. As soon as he did, he acted diligently to find counsel, including counsel that is familiar with the pace and customs of this Court. Mr. Hifter found and retained such counsel on February 5, 2021. Due to the complicated nature of this case as well as the substantive defenses involved, counsel was not able to file a responsive pleading that day but was able to contact counsel for the Plaintiffs to meet and confer regarding filing a motion to set aside the default. Counsel for Plaintiffs responded on February 8, 2021 denying consent. This motion quickly followed.

**Mr. Hifter acted with personal responsibility.** As stated above, Mr. Hifter is a commander of an army that is currently in civil war. He did not learn of this complaint right away, but when he did, he found and retained counsel to defend him.

**Mr. Hifter will be prejudiced should the default not be set aside.** Collectively, Plaintiffs request $90,500,000.00 plus punitive and exemplary damages and attorneys' fees and costs. This is a complicated case that presents many legal issues such as the justiciability of the claims due to the political question doctrine and Mr. Hifter's immunity from suit. Additionally, there are personal service issues. Should the case not be dismissed based on the foregoing, it should at least proceed on the merits.

**Mr. Hifter's conduct should not be considered dilatory.** While Mr. Hifter has taken longer to respond in the two cases similar to this one, it is excusable considering

he lives in Libya and is the commander of an army that is in an ongoing civil war. Further, there was a breakdown of communication between him and his former counsel. Additionally, as soon as he learned of the Complaint and default in the present action, he searched and then retained new counsel to represent him.

**There are sanctions less dramatic than default but under the circumstances, Mr. Hifter should not be sanctioned.** Instead, Mr. Hifter should be allowed to provide a responsive pleading to the Plaintiffs' operative complaint. The case will then either be dismissed or will proceed on the merits which is preferred by the Fourth Circuit. *Tolson*, 411 F.2d at 130.

**Mr. Hifter acted in good faith.** As showcased above, Mr. Hifter acted in good faith. As soon as he learned of the deadline, he acted diligently to find new counsel. As soon as counsel was retained, actions were put into place to request that the default be set aside. Mr. Hifter will file a responsive pleading as swiftly as possible but not later than February 26, 2021.

## CONCLUSION

For these reasons, Mr. Hifter requests that this Court grant his Motion to Set Aside Default and allow him until February 26, 2021 to file a responsive pleading.

Dated: February 11, 2021              KHALIFA HIFTER
                                       By Counsel


                                       /s/ Jesse R. Binnall
                                       Jesse R. Binnall (VSB # 79292)
                                       HARVEY & BINNALL, PLLC

5

                          717 King Street, Suite 300
                          Alexandria, VA 22301
                          Tel: (703) 888-1943
                          Fax: (703) 888-1930
                          jbinnall@harveybinnall.com

*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

/s/ Jesse R. Binnall
Jesse R. Binnall

*Counsel for the Defendant*
