IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALI ABDALLA HAMZA, et al. <br><br> Plaintiffs, <br><br> v. <br><br> KHALIFA HIFTER, <br><br> Defendant. | Case No: 1:20-cv-01038 (LMB/JFA) |

### DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT

Plaintiffs' Memorandum in Opposition to Motion to Set Aside Default ("Opposition," Dkt. 19) focuses heavily on Plaintiffs' counsel's communications with Mr. Hifter's previous counsel. Current counsel cannot speak to what former counsel did or did not say to their then-client.[1] What is clear from the record, however, is that Mr. Hifter was unrepresented for a time and is also in Libya in the midst of a civil war. As soon as present counsel was engaged in this matter, actions were taken to set aside default and to request filing a responsive pleading by February 26, 2021 (this Friday). Current counsel understands the rigors of this Court and will continue to act promptly in this matter, including presenting his meritorious defenses which will have to be tried should the case not be dismissed.

---

[1] It should be noted that the related actions to this matter were stayed by the Court for 60 days on September 29, 2020. *Al-Suyid, et al., v. Hifter, et al.*, 1:20-cv-00170, Dkt. 52; *Elzagally, et al. v. Hifter, et al.*, 1:19-cv-00853, Dkt. 43.

1

Mr. Hifter was never properly served in this matter. When Mr. Hifter became aware of the default, he hired counsel, who acted promptly. Plaintiffs do not explain why this Court should accept that their Complaint was properly served when it was placed on a residence that is not Mr. Hifter's usual place of abode (indeed, it is known to Plaintiffs that he resides in Libya).[2] Mr. Hifter maintains that service was not proper in this matter and therefore default judgment should not be entered against him.

The cases on which Plaintiffs rely only bolster Mr. Hifter's argument that the default should be set aside. The first, *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, was a breach of contract action in a different procedural posture as a final judgment had been entered against the appellant and therefore Rule 60(b) was at issue. That Court noted "[w]here defaults and judgments thereon are at issue, Rule 60(b) must be read with due regard for Rule 55(c)…where default judgments are at issue, over the years this court has taken an increasingly liberal view of Rule 60(b) which indicates that a reversal is warranted under the present circumstances." 843 F.2d 808, 810 (4th Cir. 1988). Thereafter, the Court reversed the trial court's default judgment. *Id.* at 813. This decision was largely regarding attorney error. Again, present counsel cannot speak to what former counsel did or did not say to their then-client. What is known is that this case has not reached final judgment (or even a

---

[2] Plaintiffs do address that Magistrate Judge Anderson recommended finding that Mr. Hifter was properly served in another matter; however, that matter was in a different posture than this matter – Mr. Hifter had not yet appeared. Notably, this Court did not accept Judge Anderson's recommendation and set aside that default. *Al-Suyid, et al., v. Hifter, et al.*, 1:20-cv-00170, Dkt. 42.

2

Report or Recommendation) and present counsel has been retained to defend this case should it not be dismissed.

The second case was also a breach of contract action. *Town and Country Kids, Inc. v. Protected Venture Investment Trust*, 178 F.R.D. 453 (E.D. Va. 1998). In that matter, the defendants had never appeared, and a Report and Recommendation had been written by the Magistrate Judge. *Id.* at 454. Notably, the entry of judgment was for $55,000.00. *Id.* at 455. Here, the relief requested by Plaintiffs is $130.5 million. This case is far more complicated than a breach of contract action. Moreover, as stated above, a Report and Recommendation has not yet been entered and counsel has appeared and said on the record that responsive pleadings will be filed by February 26, 2021. In neither of the cases relied on by Plaintiffs was the service of the complaint at issue.

Plaintiffs also rely on *Augusta Fiberglass* to argue that Mr. Hifter should proffer evidence in support of his meritorious defenses. Dkt. 19 at 7 (citing *Augusta Fiberglass*, 843 F.2 at 812). This is, however, not a breach of contract case wherein evidence could be easily supplied to support a defense. Here, Plaintiffs allege brutal acts of violence, including extrajudicial killing and torture. Any proffered evidence will be complicated and will require a trial on the merits. Moreover, it should be noted that in the other related matters in front of this Court, all claims except for the Torture Victim Protection Act were dismissed by the Court.[3] Therefore, it seems that

---

[3] *Al-Suyid, et al., v. Hifter, et al.*, 1:20-cv-00170, Dkt. 52; *Elzagally, et al. v. Hifter, et al.*, 1:19-cv-00853, Dkt. 43.

without proffering evidence, Mr. Hifter has, at the very least, a meritorious defense to all other claims involved in this action. Should the Court agree that Mr. Hifter should provide evidence in order to set aside the default entered against him, he requests additional time to provide such evidence.

Finally, Plaintiffs request sanctions, in the alternative, in the amount of legal fees and costs incurred with seeking Default Judgment, the forthcoming Motion for Default Judgment, and the defense of this Motion. Dkt. 19 at 7-8. Given that Mr. Hifter was never properly served in this matter, Plaintiffs' request should be denied.

For the foregoing reasons, the default entered against Mr. Hifter should be set aside and he should be allowed to file his responsive pleading to Plaintiffs' complaint by February 26, 2021, which is merely a few days from today.

Dated: February 22, 2021                    Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall (VSB # 79292)
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, VA 22301
Tel: (703) 888-1943
Fax: (703) 888-1930
jbinnall@harveybinnall.com

*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

/s/ Jesse R. Binnall
Jesse R. Binnall

*Counsel for the Defendant*
