IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALI ABDALLA HAMZA, et al.<br><br>     Plaintiffs,<br><br>v.<br><br>KHALIFA HIFTER,<br><br>     Defendant. | Case No: 1:20-cv-01038 (LMB/JFA) |

## ERRATA AND SUPPLEMENT TO MR. HIFTER'S MOTION TO DIMISS

Mr. Hifter's personal jurisdiction standard of review and argument was inadvertently submitted under the incorrect and incomplete analysis. The correct standard of review and analysis is as follows:

To establish personal jurisdiction, Plaintiffs must prove that this Court has general or specific jurisdiction over Mr. Hifter. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002). Plaintiffs cannot meet this requirement. Therefore, this case should be dismissed under Rule 12(b)(2).

### I. General Personal Jurisdiction.

General jurisdiction is a more demanding standard than specific jurisdiction. *ALS Scan, Inc.*, 293 F.3d at 712. General jurisdiction occurs when the defendant's contact with the State is unrelated to the lawsuit. *Id*. It may exist even when specific jurisdiction does not so long as the defendant has sufficient contact with the State, regardless of the suit's causes of action. *Id*.

1

The Supreme Court concluded that a corporation's or individual's affiliations with a State in which suit is brought must be so constant and pervasive "as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v Brown*, 564 U.S. 915, 919 (2011)); *see also Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 134 (4th Cir. 2020) (requiring that contacts with the forum State need to be sufficient to make it "at home" in the State for general jurisdiction). The "at home" requirement is necessary when the defendant's contact with the State is not the basis of the suit and, instead, are unrelated contacts. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctr., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). Although physical presence in the forum is strong evidence, "the presence of property alone will not support jurisdiction." *Base Metal Trading, Ltd. v. OJSC*, 283 F.3d 208, 213 (4th Cir. 2002).

Courts consider many factors when deciding whether an individual's contacts with the forum are so continuous and systematic as to render them at home in the State. *See Freedom Hawk Kayak, LLC v. Ya Tai Elec. Appliances Co. Ltd.*, 908 F. Supp. 2d 763 (W.D. Va. 2012) (holding that there was no general personal jurisdiction where the plaintiff did not show the defendant maintained an office in Virginia, employed personnel there, had bank accounts there, had licenses there, is subject to taxation there, or frequently sells products there); *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273 (4th Cir. 2009) (holding that where the defendant did own property in Virginia, or employ personnel there, and did all actual business from India, there was no personal jurisdiction despite that they executed a transaction

with a Virginia resident); *Noble Sec., Inc. v. MIZ Eng'g, Ltd.*, 611 F. Supp. 2d 513 (E.D. Va. 2009) (holding that where the defendant only made a few transactions in Virginia, and because the business was minimal and they did not maintain property there, there was no general personal jurisdiction).

In *Daimler AG* (a case arising under ATS and TVPA claims), the Supreme Court warned of the "risks to international comity" when taking an "expansive view of general jurisdiction." *Daimler AG*, 571 U.S. at 141. Therefore, the Supreme Court noted "[c]onsiderations of international rapport thus reinforce our determination that subjecting [the defendant] to the general jurisdiction of courts in the [forum state] would not accord with the 'fair play and substantial justice' due process demands." *Id.* at 142 (citing *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Here, Mr. Hifter does not have continuous and systematic contacts with Virginia as to render him "at home" in Virginia. As many of the cases have shown, where the person does not actually reside in the State, does not employ people there, and conducts only infrequent business there, their contacts are not continuous or systematic as to render them under general personal jurisdiction of that State. Mr. Hifter has lived in Libya for many years and conducts all business from Libya. He does not frequently visit Virginia or conduct substantial business activities within the State. While he may own property in Virginia, that alone, is not enough to establish that he is "at home" here. Thus, the Eastern District of Virginia does not have general personal jurisdiction over him.

## II. Specific Personal Jurisdiction.

Specific jurisdiction is based on conduct connected to the suit. *ALS Scan, Inc.*, 293 F.3d at 711. It is "confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 919 (2011). In determining specific jurisdiction, the Fourth Circuit considers:

> (1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'

*ALS Scan, Inc.*, 293 F.3d at 712. When looking to see if courts will apply specific jurisdiction to defendants not within the forum State, federal courts need to apply the specific forum State's long-arm statute. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009).

Virginia's long-arm statute extends "personal jurisdiction over nonresident defendants to the full extent" that the Due Process Clause of the Fourteenth Amendment permits. *Id.* at 293. Therefore, anyone who enjoys the privilege of conducting business in the State bears the obligation of answering legal proceedings related to their business activity. *Id.* Thus, even if the defendant performs only minimal activities within the State, they will be held under specific jurisdiction if any of those activities give rise to the suit. *Id.* at 294. *See also Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 138 (4th Cir. 2020) (holding that the defendant needs to "purposefully establish minimum contacts in the forum State, such that they should

4

reasonably anticipate being ha[u]led into court there", because of those contacts, quoting from *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016)).

Here, there is no specific personal jurisdiction because none of the alleged conduct has any connection to Virginia. Indeed, Plaintiffs' claims relate to alleged activities occurring in Libya. Because Mr. Hifter's alleged minimum contacts with Virginia did not give rise to the causes of action contained in the Amended Complaint, Virginia's long-arm statute will not bring the claims within specific personal jurisdiction.

### III. Personal Jurisdiction Under Rule 4(k)(2).

Likewise, there is not personal jurisdiction under Rule 4(k)(2). "Rule 4(k)(2) is in essence a federal long arm statute." *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 275 (4th Cir. 2005). Under this rule, three requirements must be met: [1] "the suit must arise under federal law"; [2] "the defendant must not be subject to personal jurisdiction in any state"; and [3] "the defendant must have contacts with the United States consistent with the Constitution and the laws of the United States." *Id.* "In other words, the defendant must have contacts with the United States as a whole sufficient to satisfy the standards for either specific of general jurisdiction." *Human Resource Certification Institute v. Human Resources Professional Ass'n.*, 453 Fed. Appx. 349, 351 (4th Cir. 2011) (citing *Saudi*, 427 F.3d at 275-76). "A court may exercise specific jurisdiction "[w]hen the cause of action arises out of the defendant's contacts with the forum." *Base Metal Trading,* 283 F.3d at 213. General jurisdiction is available if [defendant's] contacts with the United States are "'continuous and

systematic.'" *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984))." *Saudi,* 427 F.3d at 276.

For the same reasons articulated above relating to specific and general jurisdiction, there is no personal jurisdiction under Rule 4(k)(2). Indeed, the causes of action do not arise under any connection with the United States and therefore there is no specific jurisdiction.

"[T]he threshold level of minimum contacts sufficient to confer general jurisdiction is significantly higher than for specific jurisdiction." *ALS Scan, Inc.,* 293 F.3d at 715 (quoting *ESAB Group, Inv. v. Centricut, Inc.,* 126 F.3d 617, 623 (4th Cir. 1997)). Mr. Hifter's contacts with the United States are not continuous and systematic. To the extent he had connections to the United States, those essentially ended when he left the United States years ago and became a full-time resident of Libya. Any contacts that remain cannot be said to be "continuous and systematic."

For the foregoing reasons, as well as those contained in Mr. Hifter's Memorandum In Support of his Motion to Dismiss, Plaintiffs' claims should be dismissed.

Dated: March 1, 2021                                       Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall (VSB # 79292)
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, VA 22301
Tel: (703) 888-1943
Fax: (703) 888-1930
jbinnall@harveybinnall.com

*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

/s/ Jesse R. Binnall
Jesse R. Binnall

*Counsel for the Defendant*