# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| ALI ABDALLA HAMZA, *et al.* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL NO. 20-cv-01038 LMB-JFA<br>)<br>) |
| KHALIFA HIFTER, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO COMPEL
## DEFENDANT'S DEPOSITION AND FOR SANCTIONS

Plaintiffs Ali Abdalla Hamza, Nehma Abdalla Al-Mahdi Hamza, Abdelhalim Abdalla Mahfi Hamza, and Salimah Abudullah Abraheem Jibreel (collectively "Plaintiffs") submit this Memorandum of Law in Support of their Motion to Compel Defendant Khalifa Hifter's ("Defendant") Deposition and for Sanctions.

## INTRODUCTION

Since 2014, the Defendant has been the self-described leader of the Libyan National Army after he declared a coup against the Libyan government. Since that time, he has waged a campaign of illegal siege warfare in Libya in an effort to completely overthrow the Government of National Accord, which is recognized by both the United States and United Nations as the legitimate government. *See First Amended Complaint* (Dkt. 8) at ¶¶31,40. The Defendant is not only a citizen of the United States, but he is a legal resident of the Commonwealth of Virginia and owns extensive property, business, and maintains personal contacts within this Court's jurisdiction. *Id.* at ¶17.

Notwithstanding being ordered by this Court to sit for a deposition after his initial effort to evade questioning, the Defendant continues to baselessly refuse to participate in this litigation except to take every step possible to cause further delay of the Plaintiffs' pursuit for justice.

Respectfully, the Plaintiffs' Motion should be granted and, given the circumstances that have led up to this filing, the Court should also impose sanctions in the form of attorney's fees associated with the drafting and arguing of this Motion.[1]

## ARGUMENT

**A.** **The Defendant Has Already Been Ordered By This Court To Sit For A Deposition.**

The Plaintiffs initially noticed the Defendant's Deposition on August 20, 2021, and set it for September 20-21, 2021, which provided for a month to timely raise any objection. Zaid Decl. at ¶3. On Saturday, September 18, 2021, at 4:43 P.M. EST, barely forty hours before the deposition was set to begin, Defendant's counsel e-mailed to state:

> I apologize for the late notice, but my client will not be appearing for his deposition in this matter. Answering questions by deposition would place him in criminal jeopardy in Libya, include a possible capital offense.

*Id*. at ¶4.

On September 24, 2021, Defendant filed a Motion for entry of a protective order, (Dkt. 44). The Plaintiffs filed their opposition on September 29, 2021. (Dkt. 49), and the Defendant

---

[1] Pursuant to the Local Rules, the undersigned counsel contacted the Defendant's counsel for purpose of meeting and conferring in advance of filing this Motion and indicated that their opposition would be noted unless they believed it helpful to discuss otherwise. No further communication on the topic occurred. *See* Declaration of Mark S. Zaid, Esq. at ¶11 ("Zaid Decl.") attached hereto at Exhibit "1".

replied on September 30, 2021. Oral arguments were held before Magistrate John F. Anderson on October 1, 2021.[2]

Judge Anderson, consistent with Magistrate Judge Nachmanoff's ruling at the hearing on September 13, 2021, in *Elzagally et. al. v. Haftar*, 19-cv-0853-LMB-MSN, denied the Defendant's Motion on October 1, 2021. (Dkt. 55).

Therefore, for the second time, on October 1, 2021, the Plaintiffs properly served the Defendant with a Notice of Deposition for October 14, 2021. Zaid Decl. at ¶10. On October 8, 2021, the Defendants sent the undersigned an Objection to Plaintiff's Notice of Deposition reiterating their already judicially rejected position that:

> *Mr. Hifter is subject to the Libyan Military Penal Code due to his position with the Libyan National Army. The Libyan Military Penal Code forbids Mr. Hifter from revealing any state or military secrets of Libya. See Dkt. 53.1 and 57.1.*

*Id*.[3] Defendant's counsel subsequently confirmed via e-mail on October 12, 2021, that the Defendant refuses to appear. *Id*.[4] As a result of the Defendant's continued refusal to appear, no deposition took place on October 14, 2021.

Based on the uncontroverted facts of this case, this Court should again order the Defendant to sit for his deposition. *See e.g.*, *Lorillard Tobacco Co. v. California Imports, LLC*, No. 3:10CV817, 2011 WL 4625953, at 2 (E.D. Va. Oct. 3, 2011) (granting defendant's motion to

---

[2] The evening before oral arguments, the Defendant filed a Supplement to his Motion (Dkt. 53), which is now the subject of a Motion to Join (Dkt. 58) a companion case's Motion to Strike the Defendant's filing. The issue is jointly scheduled to be argued on October 15, 2021.

[3] In fact, not only has the Defendant previously been told as part of this lawsuit to appear for his deposition, he also lost on the same issue in the two other matters pending before this Court: *Elzagally, et al. v. Hifter*, 1:19-cv-00853; *al-Suyid, et al. v. Hifter*, et al., 1:20-cv-00170.

[4] Defendant has stated an intent to appeal Judge Anderson's Order (Dkt. 55) but at the time of this filing, no appeal had been filed. Zaid Decl. at ¶10, Ex. "J", "K".

3

compel depositions of plaintiffs where defendants timely served and noticed depositions within discovery period and plaintiffs requested change in deposition date but failed to provide alternative dates to reschedule depositions when requested by defendants); *LaMonds v. Lake Ridge Parks & Recreation Ass.*, No. 118CV00442AJTTCB, (Dkt. 41) (E.D. Va. Oct. 12, 2018) (granting defendant's motion to compel discovery and ordering plaintiff to appear for deposition on specified date); *Act II Jewelry, LLC v. Zhu*, No. 2:09CV407, 2010 WL 11450509, at 1 (E.D. Va. Feb. 19, 2010) (granting plaintiff's motion to compel defendant to attend deposition).

But given the old adage *"fool me once, shame on you; fool me twice, shame on me"*, the Court should now additionally respectfully order that if the Defendant fails to appear for a third properly noticed deposition, judgment will be entered against him.

**B.** **The Defendant Should Be Sanctioned In The Form Of Attorney's Fees.**

The last year of litigation has demonstrated conclusively the obstructionist pattern of the Defendant. Following Defendant's initial failure to respond to the lawsuit and the issuance of a default judgment by this Court, the Court granted Defendant's Motion to Set Aside Default and held in abeyance Plaintiffs' request for attorneys' fees in connection with same. *See Order on Motion to Set Aside Default* (Dkt. 22). At oral arguments on that Motion, the Court instructed Defendant to participate in the litigation and warned that failure to do so would warrant reconsideration of Plaintiffs' request for fees.

Defendant was scheduled a month in advance to appear at a deposition on Monday, September 20, 2021. At no time prior to the Plaintiffs being informed just forty hours before the deposition did the Defendant ever raise any concerns or objections. Yet the Defendant knew weeks earlier that he would not appear but at no time did his counsel inform the Plaintiffs. Zaid Decl. at Zaid Decl. at ¶¶3-6. Yet, still, they told the undersigned nothing. Here, no substantial justification was offered for Defendant's failure to provide notice, to appear for his deposition or to abide by

4

his lawful discovery obligations. As a result of the Defendant's intentional refusal to participate in discovery, Plaintiffs incurred out-of-pocket costs of $2,029.80 (of which $39.80 was a fee assessed for using a credit card). *Id*. at ¶7. The Defendant notified the Plaintiffs that he agreed to reimburse those expenses. *Id*.[5]

Following being ordered by Magistrate Judge Anderson on October 1, 2021, to sit for the Plaintiff's deposition, the Defendant again ignored a properly served Notice for Deposition and failed to appear on October 14, 2021.[6] *Id*. at ¶10.

Rule 37(d) provides that the court may order sanctions if a party fails to attend his/her own deposition. Fed. R. Civ. P. 37(d)(1)(A). If sanctions are deemed warranted, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The Defendant's actions have caused the Plaintiffs' legal team to unnecessarily expend valuable time in order to prepare yet another legal filing to force compliance with the basic concepts of the American legal system. Based on the Laffey Matrix (http://www.laffeymatrix.com/see.html) establishing the hourly rates for attorneys practicing in our geographical area, the following was incurred:

---

[5] Although the Defendant's counsel pledged to provide reimbursement of the full $2,029.80 on September 29, 2021, no payment has been received despite the passage of more than two weeks. Zaid Decl. at ¶7.

[6] Yet at the same time the Defendant refuses to respect the orders of this Court and the rule of law, he has the audacity to request to depose the Plaintiffs. Notwithstanding the actual perils that the Libyan plaintiffs face by participating in a deposition that could expose their whereabouts, they are nonetheless cooperating and are scheduling their depositions for later this month.

    Mark Zaid: 2.4 hours x $919/hr = $2,205.60
    Tom Craig:  1 hours x $764/hr = $764.00
    Matthew Jury: 1.3 hours x $764/hr = $993.20
    Joseph Snape: 0.8 hours x $468/hr = $374.40
    Selma Al Taii (paralegal – non Laffey rate): 4 hours x $175/hr = $700.00
    Emma Barrow (paralegal – non Laffey rate: 0.1 hours x $/175hr = $17.50

    TOTAL = $5,054.70.

Zaid Decl. at ¶12.

Accordingly, Plaintiffs again respectfully request that attorneys' fees, minimal as they may be, are imposed upon the Defendant (and his counsel if appropriate) as sanctions given his past and continuing disregard for the orders of this Court.

## **CONCLUSION**

For the reasons set forth above, the Plaintiffs respectfully request that this Court grant their Motion to Compel Defendant's Deposition and for Sanctions.

Dated: October 14, 2021

                        Respectfully Submitted,

                        */s/ Thomas M. Craig*
                        Thomas M. Craig, VSB No. 68063
                        FH+H
                        1751 Pinnacle Drive
                        Suite 1000
                        Mclean, Virginia 22102
                        (703) 590-1234
                        (703) 590-0366 fax
                        tcraig@fhhfirm.com

/s/ Mark S. Zaid
Mark S. Zaid, Esq.
*Admitted Pro Hace Vice*
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com


/s/ Matthew Jury
Matthew Jury, Esq.
*Admitted Pro Hace Vice*
NYS Bar # 706563
84 Brook Street
London W1K 5EH
+44 (0) 20 7096-3767
Matthew.Jury@mccue-law.com
*Counsel for Plaintiffs*


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October 2021, I electronically filed the foregoing "Plaintiffs' Memorandum of Law in Support of Plaintiff's Motion to Compel Defendant's Deposition and for Sanctions" with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to counsel of record for all Parties.

                                                                                            /s/ Thomas M. Craig
                                                                   Thomas M. Craig, VSB No. 68063