IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALI ABDALLA HAMZA *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. 20-cv-01038 LMB-JFA |
| v. | ) |
| | ) |
| KHALIFA HIFTER, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION OBJECTING TO MAGISTRATE JUDGE ORDER OF OCTOBER 1, 2021**

Plaintiffs submit this Response in Opposition to Defendant's Motion Objecting to Magistrate Judge Order of October 1, 2021 (Dkt. Nos. 68 & 69) ("Objection").

Judge Brinkema, Magistrate Judge Anderson, and Magistrate Judge Nachmanoff have each already addressed the arguments raised in the Objection—and they have each also found against Defendant on this precise issue. In fact, since the filing of the Objection, on October 22, 2021, Magistrate Judge Nachmanoff again addressed and ruled on the identical issues raised in the Objection. That ruling, along with the previous rulings by this Court, effectively render Defendant's Objection moot. Accordingly, since the issues in Defendant's Objection have already been resoundingly decided, Plaintiffs respectfully submit that no further judicial or legal resources should be expended in connection with Defendant's now-moot filing. With the hopes of putting a final end to these issues, Plaintiffs outline the reasons below for why the Objection should be denied, and the October 29, 2021 hearing cancelled.

As with many of Defendant's motions filed to-date in this action (as well as other motions filed by Defendant in the related and consolidated cases), the arguments contained in the Objection

1

are a reiteration of those that have been previously briefed by the parties and decided on by this Court.  Similarly, and following the October 22, 2021 hearing and subsequent ruling, Defendant, again, filed a separate objection that same day (Dkt. Nos. 75 & 76) contesting the outcome of same.  Defendant also again noticed that objection for another hearing, despite it being fully and extensively briefed, setting it for hearing before this Court on October 29, 2021 (Dkt. No. 77).  It has become increasingly clear that this repeated conduct is nothing more than a delay tactic by Defendant.  Plaintiffs strongly urge that the Court not allow it to continue any further.

Of great significance, the October 22, 2021 hearing before Judge Nachmanoff (Dkt. No. 67) on Plaintiffs' Motion to Compel (Dkt. Nos. 64 & 65) dispelled with the issues before the Court now.  At that hearing, Defendant presented identical arguments contained in the Objection.  Those arguments included that the Court failed to perform a comity and FRCP Rule 26 undue burden analysis in connection with Magistrate Judge Anderson's October 1, 2021 order (Dkt. No. 55) on Defendant's Motion for Protective Order (Dkt. No. 44).

At the October 22, 2021 hearing, Judge Nachmanoff provided Defendant ample time to present these arguments, once again.  Judge Nachmanoff took those arguments into full consideration and engaged in meaningful questions and observations to that effect.  With that, Judge Nachmanoff carefully concluded and stated that Judge Brinkema had previously ordered that discovery in this matter must go forward, and Judge Anderson had echoed that same conclusion in a separate order.  Judge Nachmanoff further observed that Defendant had engaged in substantial discussions to coordinate Defendant's initially scheduled deposition, but he ultimately failed to appear for it, after notifying Plaintiffs the weekend-before the deposition that was scheduled for that upcoming Monday.

Of perhaps greater import, Judge Nachmanoff concluded that the record in this case is entirely devoid of any evidence that would allow the Court to find with certainty that Defendant's attendance at his deposition would create an undue burden. Judge Nachmanoff further acknowledged that he had reviewed the affidavit submitted by Defendant, which was seemingly the only evidence of any purported undue burden. But the affidavit did not change this conclusion. As Judge Nachmanoff correctly explained, it is a requirement for any party to a lawsuit to appear for deposition, a requirement which is not unique to Defendant here. That particularly holds true in this case where Defendant has relevant information that goes directly to the heart of the claims and defenses and there are no other means to obtain such information.

With this Court's explicit findings and ultimate ruling at the October 22 hearing and subsequent order, all the concerns raised in Defendant's Objection have been undeniably addressed and disposed with. And the result is consistent with that reached by Judge Anderson after the initial briefing and decision on the same issue. It is clear that this outcome is the correct and inevitable one, despite Defendant's unsuccessful attempts to try to stymie it. In the interests of judicial economy and to allow this case to meaningfully move forward past these frivolous discovery issues, Plaintiffs respectfully request that this Court fully and finally dispose of them and not consider any further arguments attempted by Defendant to this end.

Respectfully Submitted,

*/s/ Thomas M. Craig*
Thomas M. Craig, Esq., VSB #68063
Jessica D. Rabinowitz Esq.
*Admitted Pro Hace Vice*
FH+H
1751 Pinnacle Drive
Suite 1000
Mclean, Virginia 22102
(703) 590-1234
tcraig@fhhfirm.com
jrabinowitz@fhhfirm.com

*/s/ Mark S. Zaid*
Mark S. Zaid, Esq.
*Admitted Pro Hace Vice*
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
Mark@MarkZaid.com

*/s/ Matthew Jury*
Matthew Jury, Esq.
*Admitted Pro Hace Vice*
NYS Bar # 706563
84 Brook Street
London W1K 5EH
+44 (0) 20 7096-3767
Matthew.Jury@mccue-law.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of October, 2021, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to counsel of record for all Parties.

*/s/ Thomas M. Craig*
Thomas M. Craig, Esq.