IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALI ABDALLA HAMZA, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    1:20-cv-01038 (LMB/MSN) |
| | ) |
| KHALIFA HIFTER, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL AND FOR SANCTIONS**

"[T]he action of plaintiff's counsel in directing the deponent not to answer was highly improper." *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977). Here, Plaintiffs' counsel instructed their client not to answer questions regarding alleged <u>*eyewitnesses*</u> to Plaintiffs' allegations. This is improper and should not be tolerated. Plaintiffs chose to bring this case against Mr. Hifter knowing they would have to comply with discovery rules. In defiance of those rules, and with assistance of their counsel, they are refusing to disclose alleged eyewitnesses. Moreover, Plaintiffs' counsel is improperly using an unrelated, prior ruling by this Court as a shield to hide clearly discoverable information. This Court never ruled that eyewitnesses to the facts of the Complaint should not be disclosed. The Federal Rules of Civil Procedure require the disclosure of this information as there is no claim of privilege. Accordingly, under Federal Rule of Civil Procedure 37 and Local Rule 37, Mr. Hifter seeks to compel Plaintiff Ali Abdalla Hamza to complete his deposition relating to eyewitnesses to the allegations in Plaintiffs' Complaint.

## BACKGROUND

On October 15, 2021, Mr. Hifter's counsel properly noticed Ali Abdalla Hamza's deposition for October 27, 2021, at 2:00 P.M., Eastern Standard Time. On October 27, 2021, Plaintiff Ali Abdalla Hamza sat for his deposition. As Mr. Hifter's counsel began discussing the substantive events underlying this lawsuit, Plaintiff indicated that he knew eyewitnesses to support Plaintiffs' claim but refused to further disclose such information. At that time, Plaintiffs' counsel improperly instructed Plaintiff not to answer questions regarding eyewitnesses to the allegations in Plaintiffs' Complaint.

1

Plaintiff's counsel did not object on the grounds of privilege but specifically instructed Plaintiff not to disclose the names or locations of unidentified persons who were *eyewitnesses* to the allegations. Plaintiffs' counsel cited the Magistrate Judge's ruling in a related case against Mr. Hifter. In that matter, the Magistrate Judge ruled that the identities of Plaintiffs' overseas attorneys and the identities of Plaintiffs' counsel's agents were not relevant to the matter and denied Mr. Hifter's motion to compel such identities. *al-Suyid v. Hifter*, Civil No. 1:20-cv-00170 (E.D. Va. October 22, 2021), Dkt. No. 164.

That is not what is presently at issue. Mr. Hifter's counsel asked for the identities of alleged eyewitnesses to Plaintiffs' allegations. This is an entirely different subject matter than the issue in *al-Suyid*. Mr. Hifter's counsel stated as such during the deposition. Plaintiffs' counsel continued to instruct their client not to answer.

Because counsel could not come to an agreement, Mr. Hifter's counsel called the Magistrate Judge's chambers and left a voice message. Mr. Hifter's counsel left her phone on with the sound on in case the Court called back before the deposition concluded. Mr. Hifter's counsel preserved the issue, with agreement from Plaintiffs' counsel, and continued the deposition. The deposition ended at 5:09 P.M.

The Magistrate Judge's clerk returned the call at 5:41 P.M. and left a voicemail. Mr. Hifter's counsel was already home at that time due to childcare requirements. Counsel returned the clerk's phone call at 5:43 P.M. Counsel notified the clerk that unfortunately the deposition had concluded and thanked him for

returning the call. As this matter remains unresolved, Mr. Hifter brings this Motion to Compel.[1]

## ARGUMENT

The Federal Rules of Civil Procedure embrace a liberal application of discovery rules in civil cases, allowing parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). The Eastern District of Virginia follows the Supreme Court's lead in finding relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Spendlove v. RapidCourt, LLC*, 2019 WL 7143664 at *4 (E.D. Va. Dec. 23, 2019) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978)) (citations omitted).

Under the Federal Rules and binding Fourth Circuit precedent, there are very few instances wherein counsel may instruct a witness not to answer a question in a deposition. Fed. R. Civ. P. 30(c)(2); *see also Ralston Purina Co.* 550 F.2d at 973; *Pete v. Big Picture Loans, LLC*, No. 3:19-mc-26, 2020 WL 3979662, at *2 (E.D. Va. July 14, 2020). Specifically, Federal Rule of Civil Procedure 30(c)(2) states a person "may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)"

---

[1] When Mr. Hifter's counsel notified Plaintiffs' counsel the following day that the Court had returned the call after the deposition had ended and after she was home taking care of her child, Plaintiffs' counsel took the curious position that the issue had been waived. It has not. Mr. Hifter properly and promptly brings this motion pursuant to Federal Rule Civil Procedure 37 and Local Rule 37.

3

[emphasis added]. When counsel believes deposition topics are outside the scope of discovery, counsel should do nothing more than state their objections or make a motion under Rule 30(d). *Ralston Purina Co.*, 550 F.2d at 973. In such instances, instructing a witness not to answer is "highly improper." *Id.* Moreover, Rule 30(d) provides that the "**court must allow additional time … if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination**." Fed. R. Civ. P. 30(d)(1) [emphasis added].

Here, eyewitnesses to the facts of the allegations contained in the Complaint are plainly relevant. There were no proper objections raised by Plaintiffs' counsel. Thus, under Rule 30(d), the Court must allow additional time to fairly examine Plaintiff Ali Hamza.

Counsel did not object based on a privilege. Plaintiff cannot simply refuse to answer a question because of safety concerns. This is especially true when Plaintiffs have taken the contrary position in Court filings regarding Mr. Hifter's safety concerns (wherein he faces execution for the discovery Plaintiffs have requested from him). *See* Dkt. No. 49, at 8 (arguing Mr. Hifter has not sufficiently shown a fear of the *statutory* death penalty). Plaintiffs now insist, without offering any factual basis, there is a security threat to third parties if their names are disclosed in this litigation. The identities of supposed eyewitnesses are imperative to Mr. Hifter's ability to defend against these claims. It is simply incredible that Plaintiffs would attempt to hide such crucial information behind the guise of safety concerns, while ignoring the statutory hardship to Mr. Hifter.

4

Counsel did not properly object to enforce a limitation ordered by the court. Plaintiffs' counsel is improperly using the Court's prior ruling in another matter as a shield. That ruling was on an entirely different set of questions unrelated to eyewitnesses. The Court never stated that eyewitnesses of factual allegations in the Complaint should not be disclosed. To assert otherwise is absurd. As such, the instruction to their client not to answer was improper.

Accordingly, Mr. Hifter respectfully requests that this Court grant his Motion to Compel Plaintiff Ali Abdalla Hamza to complete his deposition and fully answer relevant and nonprivileged questions.

## CONCLUSION

Mr. Hifter has a right to discover all persons who may have discoverable information. If there are eyewitnesses to Plaintiffs' allegations, as Plaintiff claims, then Mr. Hifter has the right to know those eyewitnesses as well as related information. Plaintiffs brought these claims; they have the burden. This Court must not assist Plaintiffs in their attempts to hide the ball from Mr. Hifter as to what occurred in Libya and who has that knowledge or information. This Court should grant Mr. Hifter's Motion to Compel, ordering Plaintiff Ali Abdalla Hamza to complete his deposition, answering all questions relating to eyewitnesses. Plaintiffs' counsel should also be directed to provide a list of all alleged eyewitnesses. Additionally, the Court should award attorneys' fees to Mr. Hifter for having to bring this Motion to Compel, considering the lack of any legal basis to object to Mr. Hifter's questioning.

Dated: October 29, 2021　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　/s/ Lindsay R. McKasson
　　　　　　　　　　　　　　　　　　　　Lindsay R. McKasson, VSB No. 96074
　　　　　　　　　　　　　　　　　　　　Jesse R. Binnall, VSB No. 79292
　　　　　　　　　　　　　　　　　　　　Jason C. Greaves, VSB No. 86164
　　　　　　　　　　　　　　　　　　　　BINNALL LAW GROUP, PLLC
　　　　　　　　　　　　　　　　　　　　717 King Street, Suite 200
　　　　　　　　　　　　　　　　　　　　Alexandria, VA 22314
　　　　　　　　　　　　　　　　　　　　Tel: (703) 888-1943
　　　　　　　　　　　　　　　　　　　　Fax: (703) 888-1930
　　　　　　　　　　　　　　　　　　　　Email: lindsay@binnall.com
　　　　　　　　　　　　　　　　　　　　　　　　jesse@binnall.com
　　　　　　　　　　　　　　　　　　　　　　　　jason@binnall.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Khalifa Hifter*

## CERTIFICATE OF SERVICE

I certify that on October 29, 2021, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

Dated: October 29, 2021                     /s/ Lindsay R. McKasson
                                            Lindsay R. McKasson

                                            *Attorney for Defendant Khalifa Hifter*