### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |
|---|---|
| ALI ABDALLA HAMZA *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 1:20-cv-01038 LMB-JFA |
| v. | ) |
| | ) |
| KHALIFA HIFTER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DATED NOVEMBER 4, 2021 (DKT. #91) STAYING THE CONSOLIDATED CASES

Plaintiffs Ali Abdalla Hamza, Nehma Abdalla Al-Mahdi Hamza, Abdelhalim Abdalla Mahfi Hamza, and Salimah Abudullah Abraheem Jibreel (the "Hamza Plaintiffs") submit this Motion for Reconsideration of this Court's Order dated November 4, 2021 (Dkt. #91) (the "Order"). Specifically, the Hamza Plaintiffs in this case respectfully request reconsideration of the stay of this action resulting form the actions and communications taken in the related/consolidated case, *Muna al-Suyid et al. v. Hifter*, Case No. 1:20-cv-170 (LMB/JFA). The reason for the Hamza Plaintiffs' request is two-fold: First, the Hamza Plaintiffs seek to clarify that they had no involvement in, let alone knowledge of, the subject email sent to chambers (Dkt. #92) and the subsequent communication from counsel, which then prompted the Court's issuance of the stay of the three consolidated cases, including this action. Second, a stay in this case would only further excuse Defendant's refusal to participate in discovery and significantly prejudice and unnecessarily delay the Hamza Plaintiffs from their day in Court.

**I.    The Hamza Plaintiffs Had No Involvement in the *Ex Parte* Communications to the Court and Have No Connection to Any Political Entity or Individuals.**

As a starting point, the Hamza Plaintiffs had no knowledge of the *ex parte* communications—including the email and the subsequent call—until the Court entered its Order. The Hamza Plaintiffs simply and entirely had no involvement in those communications whatsoever, nor would they have if they had known of them.

Similarly, the Hamza Plaintiffs have no contact or connection at all with any representative of the current Libyan government, or any Libyan governmental representative for that matter. Nor do the Hamza Plaintiffs have any contact with any Libyan political entity or other entity with an interest in the outcome of the elections in Libya. At times this Court, or the Defendant, has singled out the parties in the two companion cases with respect to their perceived or actual ties to the Libyan government or individuals in opposition to the Defendant.[1] But at no time has any similar allegation been levied at the Hamza Plaintiffs or counsel in this matter. Indeed, the Hamza Plaintiffs are entirely disassociated from any ties to these organizations and have no ulterior motive in bringing this lawsuit to influence the political situation in Libya. Instead, they are simply seeking justice in this case for the acts and harms they have alleged in their First Amended Complaint.

**II.    The Hamza Plaintiffs' Case Should Proceed.**

Beyond the Hamza Plaintiffs lacking any political or improper purpose as part of the initiation or prosecution of this lawsuit, they also will be significantly prejudiced as a result of an automatic stay prompted by actions taken in the related cases.

---

[1] Obviously, the Hamza Plaintiffs and their counsel are currently cooperating with the two companion lawsuits as the cases were consolidated for limited discovery purposes. Dkt #79. In fact, notably, the *al-Suyid* Plaintiffs initially did not want to even consolidate their case with this one.

For months, the Defendant had refused to participate in and provide discovery.  The result

being that, after over a year since this case was filed, the Hamza Plaintiffs are still without any

documents or written discovery, and have been prevented from deposing Defendant despite

numerous attempts regarding which this Court is well-aware.  Yet, the Defendant had finally

agreed to sit for his deposition, tomorrow, on November 9, 2021, and the Hamza Plaintiffs were

prepared to participate until receiving the Order staying the case.  Exhibit "1".   Clearly the

Defendant himself was unconcerned his deposition would impact the Libyan elections, or even his

participation, especially since no attempt had been made on his behalf to seek a stay of proceedings

for that purpose. After being precluded from any discovery from Defendant for now over a year,

the Hamza Plaintiffs legitimately fear that a stay, even if labeled temporary, may prove to be

indefinite.

This concern is only heightened by the fact that there is no certainty that the Libyan

elections will in fact go forward as currently scheduled.  In fact, the elections had previously been

planned for December of 2018,[2] and then were rescheduled for June of 2019.[3]

As with those previously scheduled elections, there is a distinct possibility that the

December 24, 2021 date will not go forward.  This is particularly true given the instability of the

political situation in Libya, as this Court itself acknowledged.  Order at 3.  Even in our own

country, our judicial system has recognized the importance of timely civil litigation

notwithstanding potential interference with political duties.  *See Clinton v. Jones*, 520 U.S. 681,

---

[2] *Libya's rival leaders agree to hold elections in December*, Al Jazeera, May 29, 2018, https://www.aljazeera.com/news/2018/5/29/libyas-rival-leaders-agree-to-hold-elections-in-december (last accessed November 8, 2021).

[3] *Libya elections by June 2019, UN envoy tells Reuters at Palermo Conference*, Libyan Express, November 12, 2018, https://www.libyanexpress.com/libya-elections-by-june-2019-un-envoy-tells-reuters-at-palermo-conference/ (last accessed November 8, 2021).

705–06, 117 S. Ct. 1636, 1650, 137 L. Ed. 2d 945 (1997) (burden on President's time does not require federal courts to stay all private actions until he leaves office).  If President Clinton was required to sit for a deposition while holding one of, if not, the most powerful position in the world, then surely the Defendant can continue to defend himself in this civil action.

In sum, a stay would only further excuse and extend Defendant's refusal from participating in discovery, and to the significant and further detriment of the Plaintiffs, who have had no involvement in the actions that instigated the Court's issuance of the stay in the first instance.

Dated:  November 8, 2021

Respectfully Submitted,

By:  */s/ Thomas M. Craig*_____
Thomas M. Craig, Esq., VSB #68063
Jessica D. Rabinowitz, Esq.
*Admitted Pro Hace Vice*
FH+H
1751 Pinnacle Drive
Suite 1000
Mclean, Virginia 22102
(703) 590-1234
(703) 590-0366 fax
tcraig@fhhfirm.com

*/s/ Mark S. Zaid*_____
Mark S. Zaid, Esq.
*Admitted Pro Hace Vice*
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com

*/s/ Matthew Jury*_____
Matthew Jury, Esq.
*Admitted Pro Hace Vice*
NYS Bar # 706563
84 Brook Street
London W1K 5EH
+44 (0) 20 7096-3767
Matthew.Jury@mccue-law.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of November, 2021, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification

and copy of such filing to counsel of record for all Parties.

*/s/ Thomas M. Craig*_____
Thomas M. Craig, Esq.
