IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALI ABDALLA HAMZA *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:20-cv-01038 (LMB/JFA) |
| KHALIFA HIFTER, | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

A motion for reconsideration should rarely be granted. There is no exception here. The *Hamza* Plaintiffs' motion for reconsideration comes down to two arguments: first, the stay is unfair because they did not participate in the *ex parte* communications; and second, the stay is prejudicial. Neither argument addresses the legal standard for a motion for reconsideration. Moreover, because the cases are so interconnected, a stay of one requires a stay of all to rectify the problem the Court addressed in its Order, and any prejudice to the *Hamza* Plaintiffs is minimal. The Court's Order was well-reasoned and thoughtful, and Plaintiffs' motion should be denied.

### ARGUMENT

I.  There is no change in law or fact and no misapprehension by the Court.

As an initial matter, Plaintiffs have identified no change in the law or facts, or any failure of apprehension on the part of the Court, to warrant the extreme remedy

of reconsideration. Motions to reconsider should rarely be granted. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). A motion to reconsider may be proper if the court "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension" or if there is a significant change in law or facts. *Id.* A motion is not proper, however, to simply ask the court to reconsider what it already considered, rightly or wrongly. *Id.* The problems prompting a motion to reconsider rarely arise. *Id.* When such problems are not present, the court should deny the motion for reconsideration. *See Candidate #452207 v. CFA Inst.*, No. 1:11-cv-1167, 2012 WL 13028142, at *1 (E.D. Va. Jan. 13, 2012). Mere disagreement with a ruling does not warrant a motion to reconsider. *Tucker v. United States*, No. 2:11-cr-79, 2014 WL 12600269, at *1 (E.D. Va. Oct. 17, 2014).

The *Hamza* Plaintiffs essentially argue that because they did not participate in the *ex parte* communications of the *al-Suyid* co-plaintiffs, they should not be subject to the stay. They do not, however, contest the underlying issues that the Court considered in entering the stay: namely, that a historic presidential election in Libya is scheduled mere weeks away, that Mr. Hifter is a candidate for that office, and that there is a high risk of outside interests exploiting this litigation for political gain in Libya. As the *Hamza* Plaintiffs have already conceded, their case is "closely interrelated" with the *al-Suyid* case (Dkt. No. 58 at 1). All three related cases have been consolidated for purposes of discovery and pretrial matters, excluding dispositive motions. Dkt. No. 79.

Indeed, because the three cases are so closely interrelated, if litigation proceeds in one, it will frustrate the purpose of the stay. Regardless of the intentions of the *Hamza* Plaintiffs, they cannot prevent exploitation of their lawsuit for political purposes, nor—does it seem—have they attempted to do so.[1] The potential impact of continued litigation on the nascent Libyan democracy would be the same in this case as in any of the others. Therefore, the Court has not misapprehended anything, nor is it inherently unfair to include the *Hamza* case in the stay.

## II.   Any prejudice to the Plaintiffs is minimal.

Plaintiffs have not demonstrated any material prejudice resulting from the Court's decision to briefly stay these matters—a decision that is well within the Court's discretion. A district court has broad power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). As such, a district court has the inherent discretion to stay proceedings. *Aventis Pharma Deutschland v. Lupin Ltd.*, 403 F. Supp. 2d 484, 489 (E.D. Va. 2005). This is a power that "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court must exercise its judgment in weighing competing interests and maintaining an even balance. *Id.* at 254–55.

---

[1] *See* Adam Rawnsley, *How Libya's Civil War Turned Into a MAGA Courtroom Drama*, DAILY BEAST (Nov. 2, 2021), https://www.thedailybeast.com/how-libyas-civil-war-turned-into-a-maga-courtroom-drama (publicizing, via Plaintiffs' Counsel, the exact date of Mr. Hifter's previously-scheduled deposition). Counsel's communication with the press is also concerning as this case is to be heard by a jury.

3

Any prejudice to Plaintiffs resulting from a brief stay is minimal. It is noteworthy that Plaintiffs complain in their motion that "over a year since this case was filed, the Hamza Plaintiffs are still without any documents or written discovery." Dkt. No. 93 at 3. The *Hamza* Plaintiffs, however, did not issue written discovery until October 11, 2021. Mr. Hifter's response deadline had not even passed when the Court entered the stay. Plaintiffs also inaptly compare this stay—entered mere weeks from a presidential election—to that of *Clinton v. Jones*, where the court denied President Clinton's request to dismiss the case until the end of his presidency. Dkt. No. 93 at 3–4. That case was decided on May 27, 1997, when Clinton had three and a half years left in office. Not only is the stay in this case considerably less burdensome than in *Clinton*, but the temporal proximity of this litigation to a national election is considerably closer. Therefore, this Court's decision, after weighing these competing interests, is not only within its discretion but is amply supported by the *Clinton* case.

## CONCLUSION

Plaintiffs have not established any of the necessary requirements for reconsideration of the Court's Order. The Court has already considered the information presented by the Plaintiffs and exercised its sound discretion in weighing the competing interests of the parties. Therefore, Mr. Hifter respectfully requests this Court deny Plaintiffs' motion for reconsideration.

Dated: November 22, 2021	Respectfully submitted,

/s/ Lindsay R. McKasson
Lindsay R. McKasson, VSB No. 96074
Jesse R. Binnall, VSB No. 79292
Jason C. Greaves, VSB No. 86164
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
Email: lindsay@binnall.com
	jesse@binnall.com
	jason@binnall.com

*Attorneys for Khalifa Hifter*

## CERTIFICATE OF SERVICE

I certify that on November 22, 2021, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

Dated: November 22, 2021                 /s/ Lindsay R. McKasson
                                                                 Lindsay R. McKasson

                                                                 *Attorney for Khalifa Hifter*