IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALI ABDALLA HAMZA *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 1:20-cv-01038 (LMB/JFA) |
| KHALIFA HIFTER, | ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S RESPONSE IN OPPOSITION TO
### PLAINTIFFS' SECOND MOTION FOR RECONSIDERATION

As Mr. Hifter stated in his response in opposition to Plaintiffs' first motion for reconsideration, a motion for reconsideration should rarely be granted. Dkt. No. 95.[1] Current circumstances provide no exception.

Previously, the Hamza Plaintiffs argued that the stay was unfair because they did not participate in the subject *ex parte* communications, and it was prejudicial. Dkt. No. 93. Now, Plaintiffs argue "significant factual developments" require reconsidering the stay. Dkt. No. 102. Due to continuing uncertainty in the political geography of Libya, the Libyan Presidential election was postponed. *Id.* Plaintiffs readily admit the perilous situation in Libya. *Id.* This litigation is rife with material that could further prejudice it. A continued stay, while the Libyan political situation resolves, only minimally prejudices Plaintiffs. Revoking the stay, however, could

---

[1] Mr. Hifter incorporates by reference all the arguments made in his Response in Opposition to Plaintiffs' Motion for Reconsideration (Dkt. No. 95).

permanently damage the upcoming Libyan election, thereby throwing Libya into further chaos. The Court's Order regarding the stay was well-reasoned and thoughtful given the current climate in Libya as well as this litigation's potential impacts on that situation (which remains unchanged from the last time there was motion practice on this issue). As the world is currently bracing for untold violence and political strife, Plaintiffs' motion for reconsideration should be denied once again to aid in the stability of at least one country.

## ARGUMENT

### I. The law and facts have not changed.

The extreme remedy of reconsideration is not warranted where the law and material facts have not changed. Motions to reconsider should rarely be granted. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). A motion to reconsider *may* be proper if the court "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension" or if there is a significant change in law or facts. *Id.* Mere disagreement with a ruling does not warrant a motion to reconsider. *Tucker v. United States*, No. 2:11-CR-79, 2014 WL 12600269, at *1 (E.D. Va. Oct. 17, 2014).

A motion is not proper to simply ask the court to reconsider what it already considered. *Above the Belt, Inc.*, 99 F.R.D. at 101. The circumstances that justify granting a motion to reconsider rarely arise. *Id.* When such problems are not present,

the court should deny the motion for reconsideration. *See Candidate #452207 v. CFA Inst.*, No. 1:11-CV-1167, 2012 WL 13028142, at *1 (E.D. Va. Jan. 13, 2012).

The Hamza Plaintiffs argue that the delay of the scheduled election in Libya is sufficient reason for the Court to reconsider its prior order staying proceedings. The standard on a motion for reconsideration is that there be a *significant* change in facts. Here, there is no significant change. In fact, the situation on the ground in Libya is worse.

The Court stayed this litigation to prevent the "expending [of] judicial resources until the political situation in Libya is more stable." Dkt. No. 91. Plaintiffs admit the political situation in Libya is not stable. Dkt. No. 102. There are now two competing prime ministers, resulting in dueling governments once again.[2] The potential for this lawsuit to exploit this instability is greater than ever.

While Plaintiffs attempt to blame Mr. Hifter for the recent delay in the election (Dkt. No. 102), the opposite is true. Mr. Hifter has long advocated for the election. It is his political adversaries who have stalled the election, partly through attempts to disqualify Mr. Hifter as well as question his candidacy.[3] Further, while Plaintiffs are

---

[2] Associated Press, *Explained: Why is Libya sliding back to political division?*, THE INDIAN EXPRESS (Feb. 18, 2022, 1:02 P.M.), https://indianexpress.com/article/explained/explained-libya-two-prime-ministers-gadhafi-7779700/.

[3] Mirette Magdy, *How Libya's Fragile Unity Is Being Tested by Election*, THE WASHINGTON POST (Dec. 28, 2021, 2:22 A.M.), https://www.washingtonpost.com/business/energy/how-libyas-fragile-unity-is-being-tested-by-election/2021/12/27/84382bf4-670a-11ec-9390-eae241f4c8b1_story.html; Mohamed Artima, *Libyan court disqualifies Haftar from presidential race*, ANADOLU AGENCY (Nov. 30, 2021), https://www.aa.com.tr/en/middle-east/libyan-court-disqualifies-haftar-from-presidential-race/2435234.

3

pessimistic about the election occurring, this fear is unfounded. On February 10, 2022, Fathi Bashagha, one of the Libyan Prime Ministers, assured Libyan elections will take place within fourteen months.[4]

There has been no misapprehension or significant change in law or fact. Libya's political situation remains uncertain, which was the primary motivation for the stay. Therefore, with the election still impending, Plaintiffs' motion is improper.

## II. The minimal prejudice to Plaintiffs further supports denying Plaintiffs' motion.

Plaintiffs are minimally prejudiced by this stay. Alternatively, peace in Libya hangs in the balance should the stay be lifted as it is clear there are outside actors using this litigation for their own benefit. When courts issue a stay, they must weigh competing interests and maintain an even balance. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Plaintiffs once again argue that because they had nothing to do with the events that led to the Court's stay, the Court should reconsider the order as it applies to them. Dkt. No. 102. The Court has previously denied reconsideration on this ground. Dkt. No. 99. It should do so again.

Notably, Plaintiffs do not contest the instability of the political situation in Libya and the potential for this litigation to exploit that situation. In fact, Plaintiffs' argument agrees with the Court that the political situation in Libya is substantially unstable. Dkt. No. 102. Plaintiffs' lack of involvement in the *ex parte* communications

---

[4] *Supra* note 2.

does not change this instability; nor does it address this lawsuit's potential to exasperate that instability.

A temporary stay while Libya organizes its eventual elections is not "justice denied." Dkt. No. 102. A district court has the inherent discretion to stay proceedings. *Aventis Pharma Deutschland v. Lupin Ltd.*, 403 F. Supp. 2d 484, 489 (E.D. Va. 2005). Any prejudice to Plaintiffs resulting from a stay is minimal compared to increased destabilization of the Libyan political state, especially given the climate of the world at large.

## CONCLUSION

Plaintiffs have not established any of the necessary requirements for reconsideration of the Court's Order. The temporary delay in the Libyan election does nothing to change the Court's previously carefully considered assessment of the facts in this case. This Court's order staying proceedings, after weighing these competing interests, was within its discretion and was amply supported. Therefore, Mr. Hifter respectfully requests this Court deny Plaintiffs' second motion for reconsideration.

Dated: March 2, 2022

Respectfully submitted,

/s/ Lindsay R. McKasson
Lindsay R. McKasson, VSB No. 96074
Jesse R. Binnall, VSB No. 79292
Jason C. Greaves, VSB No. 86164
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
Email: lindsay@binnall.com

jesse@binnall.com
jason@binnall.com

*Attorneys for Khalifa Hifter*

**CERTIFICATE OF SERVICE**

I certify that on March 2, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

Dated: March 2, 2022                                         /s/ Lindsay R. McKasson
                                                             Lindsay R. McKasson

                                                             *Attorney for Khalifa Hifter*