IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALI ABDALLA HAMZA *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:20-cv-01038 (LMB/JFA) |
| KHALIFA HIFTER, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO QUASH
SUBPOENAS DIRECTED TO THE U.S. GOVERNMENT,
OR IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER,
OR IN THE ALTERNATIVE, MOTION FOR STAY**

Plaintiffs' counsel said the quiet part out loud through a series of Tweets. He described using this litigation as a vehicle to issue a subpoena that could allegedly disqualify Mr. Hifter from a foreign election. This directly contradicts the Court's order from this week when it said, "I want to put plaintiffs' counsel on alert . . . if I have a clear picture of this litigation being used to somehow manipulate the political process in a foreign nation, I'm going to pull back again . . . if there's any indication that counsel or the people working for counsel are trying to use the litigation for political purposes, I'll certainly not be shy about imposing sanctions." *Elzagally et al. v. Hifter*, No. 1:19-cv-853, Mtn. on Lift Stay Hrn'g Tr., Dkt. No. 131, at 17 (E.D. Va. Apr. 25, 2022). The Court similarly warned Plaintiffs in this matter to steer clear of politics. *See* Dkt. No. 107.

Mr. Hifter's citizenship is not relevant to any element of Plaintiffs' causes of action, and as helpfully pointed out in opposition to this motion, neither is it disputed in this case. As this Court has previously ruled, the scope of discovery in this case is limited to allegations about actions on specific dates, and Mr. Hifter's political history is not at issue. *See Elzegally v. Hifter*, 1:19-cv-853, Dkt. No. 85. Judge Nachmanoff, in the related case of *Elzegally* specifically found that discovery requests about Mr. Hifter's authority were not at issue because he had conceded that he was the head of the LNA. *Id.* at 23–24. Similarly, the issue of Mr. Hifter's citizenship is conceded in this case and is not at issue. Plaintiffs' counsel is on a fishing expedition for explicitly stated political purposes.

Plaintiffs further argue that they request additional information to citizenship in the subpoena that is relevant. This includes requests for documentation regarding Mr. Hifter's activities dating back to January 1, 2015. As this Court already noted, however, only the alleged conduct on specifically alleged days is relevant. *Elzagally v. Hifter*, No. 1:19-cv-853, Dkt. No. 85, at 22. Thus, none of the information requested in the subpoena is relevant, and Mr. Hifter respectfully requests that the Court grant his Motion.

## CONCLUSION

Plaintiffs essentially admit that they are using this litigation to impact Mr. Hifter's political status in Libya. The information they seek has zero bearing on this case and is only being sought in an attempt to place a burden on Mr. Hifter outside the scope of this litigation. Accordingly, Mr. Hifter respectfully requests that the

Court grant his Motion to Quash or, in the alternative, issue a protective order or even stay the case.

Dated: April 28, 2022.                                       Respectfully submitted,

/s/ Jason C. Greaves
Lindsay R. McKasson, VSB No. 96074
Jesse R. Binnall, VSB No. 79292
Jason C. Greaves, VSB No. 86164
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
Email: lindsay@binnall.com
           jesse@binnall.com
           jason@binnall.com

*Attorneys for Khalifa Hifter*

CERTIFICATE OF SERVICE

I certify that on April 28, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jason C. Greaves
Jason C. Greaves