IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALI ABDALLA HAMZA *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-01038 (LMB/JFA) |
| | ) |
| KHALIFA HIFTER, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR A PROTECTIVE ORDER**

It is agreed by all Parties that Mr. Hifter's deposition and discovery responses are bound to include confidential and highly sensitive Libyan military and government information and that a protective order is necessary—and that it should be uniform across the three related matters. This Court has recognized a special concern for the political situation in Libya and the need to prevent this litigation from interfering in the upcoming elections. While the parties have agreed on most of the language for a protective order, there remains outstanding disputes prompting the current motion. The specific areas of disagreement center around the treatment of Attorneys Eyes Only ("AEO") material—especially the deposition of Mr. Hifter—and the extent to which foreign counsel and attorneys who have not entered an appearance should have access to such material. The extreme sensitivity of this case—combined with Plaintiffs' counsel's public statements and attempts to gather extrinsic information through this litigation for the purposes of prejudicing Mr.

Hifter's political status in Libya or even to get him prosecuted by the U.S. government—necessitates special protections for AEO material.

## ARGUMENT

This Court is authorized by Rule 26(c) to issue a protective order for good cause shown to "protect a party or person from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c). The Court "is subject to the broad admonitions of Fed. R. Civ. P. 26(b) in fashioning discovery orders," including protective orders. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 485 (4th Cir. 1992). Here, good cause exists to enter a protective order allowing the designation of discovery, including Mr. Hifter's deposition, as confidential and AEO.

Despite the Parties' good faith efforts to agree on a stipulated protective order, there are three remaining disputed issues.[1] First, Plaintiffs have demanded exemption from Confidentiality restrictions in Section 3(b) for any information obtained from a U.S. Government agency through a third-party subpoena to allow indiscriminate dissemination to other U.S. Government agencies. This is in relation to *Touhy* subpoenas issued by Plaintiff to the CIA, DHS, and DOS. While this issue may be largely moot—because the CIA has objected and declined to produce any information, and this Court quashed the subpoenas—the requested exemption indicates the extrinsic, political motivations for these subpoenas. Plaintiffs' counsel was attempting to trigger an investigation or prosecution of Mr. Hifter as well as to

---

[1] There were two disputed issues, but Judge Anderson's ruling o

2

stir the pot in Libya, as evidenced by his own Tweets.[2] Mr. Hifter, therefore, objects to Plaintiffs' proposed exemption.

Second, Plaintiffs seek another exemption from Confidential protections in Section 3(b), allowing them to disclose such material to "[a]ny third-parties subject to the proper Order of any competent authority in the relevant jurisdiction." This is a vastly overbroad exemption, which would allow disclosure Confidential material in any foreign court—exactly the kind of disclosure this Court has explicitly admonished against. In the same vein, Plaintiffs are requesting, in Section 3(a), the ability to use Confidential material for "enforcement proceedings of any judgments". Mr. Hifter agreed to this language, so long as it was limited to enforcement proceedings of any judgments *in a U.S. Court*. Plaintiffs refuse this limitation. Mr. Hifter, therefore, objects to these overly broad exceptions which would allow dissemination of Confidential materials in foreign jurisdictions and without proper protections.

Finally, the Parties disagree on the extent to which counsel may access and share AEO material and participate in the deposition of Mr. Hifter. Mr. Hifter has proposed that only counsel of record, who are U.S. based attorneys should have access, because being subject to the jurisdiction of this Court would be a strong deterrent against potential leaks of AEO material. Plaintiffs responded that because they have foreign counsel involved in the case, that those attorneys would be willing to subject themselves to the Court's jurisdiction by signing Exhibit "A" of the Protective Order. Undersigned Counsel agreed to that, so long as the foreign counsel

---

[2] *See* Dkt. No. 114, Exs. 2–3.

was limited to Matt Jury, who is admitted in New York, and is counsel of record in this case. Plaintiffs, however, then changed the language, removing any requirement that foreign counsel sign Exhibit "A", and broadened access to the entire firms, and not just counsel of record.

This case involves Libyan national state and military operations, which Plaintiffs have not been shy about wishing to be made public. There is no reason that all attorneys and staff at three different law firms, many of which are not involved in this case, should have access to this material. It is not an imposition to require Plaintiffs' attorneys that are directly involved in this case, and who need access to AEO material, to enter their appearance or otherwise subject themselves to the jurisdiction of the Court.

Plaintiffs' counsel also want their clients to be able to attend Mr. Hifter's deposition, offering only to excuse them when AEO material is discussed. This is an untenable position. Plaintiffs' entire case revolves around military operations, which is why the Parties have agreed that Mr. Hifter's deposition shall be designated in advance as AEO. Plaintiffs' position is also impractical. Because the three related matters have been consolidated for discovery, Mr. Hifter will be deposed one time by counsel for all three sets of plaintiffs. Mr. Hifter is appearing remotely from Libya, through an interpreter. It would be an onerous and time-consuming burden to repeatedly instruct the various plaintiffs to enter and leave the deposition.

Mr. Hifter recognizes that this proposed protective order uses highly restrictive language. The unique circumstance of this case, however, and the Court's concerns over this litigation impacting the political situation in Libya, warrant a restrictive protective order.

## CONCLUSION

Counsel in this matter have come up with a near-complete stipulated protective order. There, however, remains three outstanding disputes regarding the scope of these protections. Plaintiffs' requested language, which would allow dissemination of Confidential material to U.S. Government agencies and to foreign courts, and would allow foreign attorneys, not subject to this Court's jurisdiction, to view AEO material, are not reasonable. There is good cause to prevent such disclosures and to tightly control who has access to AEO material or to participate in Mr. Hifter's deposition. Accordingly, Mr. Hifter respectfully requests that the Court grant his Motion for a Protective Order and enter his proposed Protective Order.

Dated: April 29, 2022.                    Respectfully submitted,

/s/ Jason C. Greaves
Lindsay R. McKasson, VSB No. 96074
Jesse R. Binnall, VSB No. 79292
Jason C. Greaves, VSB No. 86164
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
Email: lindsay@binnall.com
           jesse@binnall.com
           jason@binnall.com

*Attorneys for Khalifa Hifter*

5

## CERTIFICATE OF SERVICE

    I certify that on April 29, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jason C. Greaves
Lindsay R. McKasson
