IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| AIDA ELZAGALLY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00853 (LMB/JFA) |
| | ) | |
| KHALIFA HIFTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MUNA AL-SUYID, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00170 (LMB/JFA) |
| | ) | |
| KHALIFA HIFTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ALI ABDALLA HAMZA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01038 (LMB/JFA) |
| | ) | |
| KHALIFA HIFTER, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR RECONSIDERATION OF INVOKING THE
<u>STATE SECRETS PRIVILEGE PURSUANT TO FED. R. CIV. P. 54(b)</u>**

Plaintiffs submit this Opposition to Defendant's "Motion for Reconsideration of Invoking the State Secrets Privilege Pursuant to Fed. R. Civ. P. 54(b)" (ECF No. 195) (the "Motion").

This issue has been briefed and re-briefed *ad nauseum*. And it has been unanimously ruled on by Judge Anderson (ECF Nos. 55 & 127) Judge Nachmanoff (*Elzagally et al. v. Haftar*, No. 1:19-cv-0853-LMB-MSN, ECF No. 88, September 13, 2021 hearing transcript), and Judge Brinkema (ECF No. 88). That unanimous ruling is that the "state secrets privilege" has no application to this case and that Defendant cannot invoke it as a basis to withhold relevant deposition testimony and discovery.

Even more so, there has been no change in controlling law that would make it appropriate to reconsider this decided issue yet again. Defendant introduces new cases, but not new law. Indeed, there is no law that Defendant can cite to that would establish a precedent for a foreign defendant asserting the state secrets privilege in American courts. Every U.S. federal court case to discuss this privilege describes it solely as a protection for the U.S. government. *See, e.g.*, *El-Masri v. U.S.*, 479 F.3d 296, 304 ("[T]he state secrets privilege must be asserted by the United States). The cases cited to by Defendant in his Motion do not change this well-established law. *See e.g.*, *U.S. v. Zubaydah*, 142 S. Ct. 959 (2022) (United States asserting state secrets privilege). Similarly, Defendant introduces no new law that would support his failed and regurgitated argument that "principles of comity and customary international law require the same treatment of Libyan military and state secret information in this proceeding." Mot. at 11.

And as a final matter, this issue is now moot. Per Judge Anderson's correct ruling (which Defendant now seeks reconsideration of), Defendant sat for his continued deposition and did not assert "state secrets privilege" in response to relevant questions. It is therefore unclear why Defendant is attempting to relitigate this resoundingly decided issue once again.

Plaintiffs urge Defendant to not further waste this Court's valuable time and resources in its futile (erring on the side of bad faith) attempts to breathe life into this hopelessly dead issue.

Date:  August 1, 2023                                    Respectfully Submitted,

*/s/ Thomas M. Craig*
Thomas M. Craig, (VSB #58063)
Jessica D. Rabinowitz (*pro hac vice*)
FH+H
1751 Pinnacle Drive, Suite 1000
Tysons, Virginia 22102
T: (703) 590-1234
F: (703) 590-0366 fax
tcraig@fhhfirm.com
jrabinowitz@fhhfirm.com

Mark S. Zaid (*pro hac vice*)
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
T: (202) 498-0011
F: (202) 330-5610 fax
Mark@MarkZaid.com

Matthew Jury (*pro hac vice*)
84 Brook Street
London W1K 5EH
UNITED KINGDOM
T: +44 (0) 20 7096-3767
Matthew.Jury@mccue-law.com

*Counsel for Hamza Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to counsel of record for all parties.

*/s/ Thomas M. Craig*
Thomas M. Craig, Esq.

3